FREDERICKA HOMBERG WICKER, Judge.
| gThis is a personal injury suit in which the trial judge granted summary judgment in favor of the defendant. The plaintiffs/appellants, Ann Richard and Kirt Richard, appeal the judgment in favor of the defendant/appellee, Louisiana New-pack Shrimp Co., Inc. The issue presented here is whether the plaintiffs’ claims are barred by the Louisiana Recreational Use Immunity Statutes, La.R.S. 9:2791 and La.R.S. 9:2795. Finding that the plaintiffs’ claims are barred by the Recreational Use Statutes, we affirm.
Procedural History
The plaintiffs filed a petition for damages alleging that on April 11, 2009 around 7:30 PM, Mrs. Richard was walking on a levee when she fell in a hole and sustained serious injuries. They alleged that the hole was caused by the defendant’s delivery trucks as the trucks entered and exited the defendant’s facility. The plaintiffs asserted that the defendant was negligent or strictly liable in several respects, including failure to warn patrons of the levee’s hazardous condition.
IsThe defendant denied the allegations and raised affirmative defenses, including the defense that it was immune from liability pursuant to the Recreational Use Statutes. Relying on the alleged immunity, the defendant filed a motion for summary judgment asserting that it was entitled to judgment as a matter of law. To support *543 its motion, the defendant filed an act of sale and property description, a property survey, Edward Lee’s affidavit, and the plaintiffs’ depositions.
Mr. Lee attested to the following:
He manages the Edward Lee Family Investment Company, LLC (the Lee property), the owner of the property where Mrs. Richard claimed she injured herself. The Lee property is leased to the defendant, which operates a wholesale seafood processing business on the site. Bayou Segnette runs adjacent to the seafood plant. There are boat docks in the bayou that have been used for many years by recreational and commercial fisherman as well as boaters. Those docks are built into the canal or bayou. Neither the defendant nor the Lee property company does any business with the boaters and/or fishermen who use the docks adjacent to the seafood plant property. For many years, individuals have been allowed to gain access to their docks and boats free of charge by entering from the seafood plant property. Often, these individuals park their vehicles on the seafood plant property. Neither the defendant nor the Lee property company has ever charged these individuals a fee or collected any revenue from the individuals who use the docks and boat slips. Neither the Lee Company nor the defendant operates a commercial recreational enterprise at the seafood plant property. At the time that Mrs. Richard claimed to have fallen, the seafood plant was closed and there were no employees of the defendant or the Lee property company present.
|4Mrs. Richard’s deposition testimony was consistent with Mr. Lee’s attestation that for many years, individuals have been allowed to gain access to their docks and boats by entering from the seafood plant property. She stated that on the date of the alleged accident, she had been staying at a friend’s camp located on the water in Bayou Segnette. This marsh area can only be accessed by boat. The camp is approximately 12 to 15 minutes from the seafood plant. She testified that over the course of 20 years, people have always parked in the seafood plant property area to get to the boats. The seafood plant operated during those 20 years with trucks coming and going there. Before the alleged accident, she had been to the camp approximately 50 times over the course of 20 years. People with boats who want to launch their boats use the road that cuts through the seafood plant property all of the time. At the time she fell, around 7:00 PM or 7:15 PM on a Saturday evening, the shrimp plant was closed.
Likewise, Mr. Richard testified that during the entire time that he has been coming to the camp by boat it was customary for vehicles to park alongside the seafood factory. Each day, there is fairly steady traffic going up and down that road with people coming to launch their boats at the public launch in the rear.
Mrs. Richard testified that on the day in question, she fell while she was at the seafood property. She explained that her family had been at the camp for the Easter weekend, arriving a few days before the alleged fall. Upon arriving, she and her husband parked their vehicle on the seafood plant’s property and accessed their friend’s boat, which was already in the water. The boat was by the “little levee” on the seafood plant’s property. She testified that she had crossed the “little levee” before that day approximately hundreds of times and never had a problem crossing. She described the “little levee” as a 2-1/2 to 3 foot dirt mound that runs along the waterway and also along the road that cuts through the defendant’s property.
| RMrs. Richard testified that at the camp, people fished and canoed. She left *544 the camp that day by boat accompanied by her husband and friend in order to purchase groceries and items for the children. Upon returning to the boat to depart to the camp, she realized that she left her jacket on the back of the truck. She-walked on the levee, a path she had previously- walked hundreds of times without incident, in order to retrieve the jacket. Before the fall, she made six trips across the levee loading groceries into the boat. Finally, while crossing the levee in the same area as before to retrieve her coat, surprisingly, the ground gave way causing her to fall.
Mrs. Richard stated that she fell when her leg got caught in a rut. According to Mrs. Richard, the defendant’s failure to accommodate trucks entering and leaving its business allowed trucks little room to negotiate the turn. Thus, the truck’s tires caught the bottom of the “little levee” making tire tracks and cuts into the levee. She had seen these ruts after the plant built a fence and before the accident. She had never, however, complained to the defendant about the ruts.
The plaintiffs opposed the motion on two grounds. First, they asserted that the Recreational Use Statutes do not apply because the defendant’s lot only incidentally services recreational activity and the recreational activity is exclusively and always engaged in away from the defendant’s property. Second, they argued that the Recreational Use Statutes do not provide immunity for a willful failure to warn against a dangerous condition, use, structure, or activity.
In granting summary judgment, the trial judge concluded that the defendant was immune under the Recreational Use Statutes. This appeal followed.
| (Analysis
A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). We apply the de novo standard of review in reviewing a district court judgment on a motion for summary judgment. Robinson v. Jefferson Parish Sch. Bd., 08-1224, p. 13 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1043, writ denied, 09-1187 (La.9/18/09), 17 So.3d 975 (citations omitted).
The movant bears the burden of proof. La.C.C.P. art. 966(C)(2). If the movant meets this initial burden, the burden then shifts to the plaintiff to present factual support adequate to establish that he will be able to satisfy the evidentiary burden at trial. Thereafter, if the plaintiff fails to meet this burden, there is no genuine issue of material fact and defendant is entitled to summary judgment as a matter of law. Id.
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is “material” for summary judgment purposes can be seen- only in light of the substantive law applicable to the case. Richard v. Hall, 03-1488, p. 5 (La.4/23/04), 874 So.2d 131, 137 (citations omitted).

Immunity

The first issue presented on appeal is whether the Immunity Act is applicable, thereby immunizing the defendant from liability. The plaintiffs argue that at the time of the alleged accident, Mrs. Richard was not engaging in recreational activity; the activity did not begin until she was in the boat. They also argue that the levee served more than one purpose. It served the defendant’s own commercial enterprise, the commercial enterprises of other *545 fisherman, and allowed |7others a “pass through” to enter the bayou for a recreational purpose in another area. Thus, according to the plaintiffs, the levee only incidentally serviced recreational activity.
Louisiana’s Recreational Use Statutes are contained in La.R.S. 9:2791 and La. R.S. 9:2795. These statutes generally provide immunity to certain parties, including a lessee, when the subject land is used for a recreational purpose. La.R.S. 9:2795(B)(1) does, however, retain liability for willful or malicious failure to warn against a dangerous condition, use, structure, or activity.
La.R.S. 9:2791(A) provides:
An owner, lessee, or occupant of premises owes no duty of care to keep such premises safe for entry or use by others for hunting, fishing, camping, hiking, sightseeing, or boating or to give warning of any hazardous conditions, use of, structure, or activities on such premises to persons entering for such purposes, whether the hazardous condition or instrumentality causing the harm is one normally encountered in the true outdoors or one created by the placement of structures or conduct of commercial activities on the premises. If such an owner, lessee, or occupant gives permission to another to enter the premises for such recreational purposes he does not thereby extend any assurance that the premises are safe for such purposes or constitute the person to whom permission is granted one to whom a duty of care is owed, or assume responsibility for or incur liability for any injury to persons or property caused by any act of person to whom permission is granted.
“Premises” as used in the above section, “includes lands, roads, waters, water courses, private ways and buildings, structures, machinery or equipment thereon.” La.R.S. 9:2791(C). Thus, the levee, the land, is included in the definition of premises.
The later-enacted statute, La.R.S. 9:2795, pertinently provides:[1]:[2]
|SB. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:
(a) Extend any assurance that the premises are safe for any purposes.
(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.
*546 (c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.
La.R.S. 9:2795(33).
The defendant leases the property owned by the Lee company. (La.R.S. 9:2795(B)(1), provides an exception to immunity as to an “owner”) La.R.S. 9:2795(A)(2) defines “owner” as “the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.” Thus, the immunity exception extends to lessees such as the defendant.
In separate years, the Legislature passed these two remarkably similar statutes designed to encourage landowners to open their lands, on a basically nonprofit basis for recreational use. Richard v. Hall, 03-1488, pp. 21-22 (La.4/23/04), 874 So.2d 131, 147-48 (citation omitted). The statutes should be construed with reference to each other. Id. The Recreational Use Statutes are in derogation of common or natural right and, therefore, are to be strictly interpreted, and must not be extended beyond their obvious meaning. Id. at 22, 874 So.2d at 148. However, the enactment of La.R.S. 9:2795, a second more expansive immunity statute, evidences an intent on the Legislature’s part that these statutes are to grant a broad immunity from liability. Hall, supra, at 29-30, 874 So.2d at 151-52. Thus, in Hall, the Louisiana Supreme Court placed a construction on La.R.S. 9:2795(B)(1), the section at issue therein, which was consistent with the obvious intent of the Legislature to grant a broad immunity from liability and did not extend the statutes beyond their obvious meaning. Id.
The Immunity Act grants immunity for recreational activities. La.R.S. 9:2791(A) provides a restrictive list of recreational activities: hunting, fishing, camping, hiking, sightseeing, or boating. On the other hand, the later enactment, La.R.S. 9:2795(A)(3), provides for a more expansive list of recreational activities. La.R.S. 9:2795(A)(3) broadly defines “recreational purposes” as including but not limited to
any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized, or nonmotorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, roller skating, roller blading, skate boarding, sledding, snowmobiling, snow skiing, summer and winter sports, or viewing or enjoying historical, archaeological, scenic, or scientific sites.
Here, we must determine whether Mrs. Richard had been engaged in a “recreational purpose.” Given that La.R.S. 9:2795(A)(3) expansively defines “recreational purposes” as including but not limited to the enumerated list, we find that Mrs. Richard’s activity was covered by that omnibus clause “including] but not limited to.” La.R.S. 9:2795(A)(3). The “including, but not limited to” language makes clear that the Legislature did not intend that the list of enumerated activities was exhaustive. Although loading a boat and preparing to depart to a camp are not any of the specific enumerated activities, the definition of recreational purpose is broad enough to include the normal activities associated with boating and camping.
The plain wording of the Immunity Act only requires that the lessee permits with or without charge any person to use his land for recreational purposes. linLa.R.S. 9:2795(B)(1). The statute does not require that the injury arise out of the recreational activity per se, as long as the person injured was on the property for a recreational purpose. Webb v. Parish of St Tammany, 06-0849, p. 6 (La.App. 1 *547 Cir. 2/9/07), 959 So.2d 921, 925, writ denied, 07-0521 (La.4/27/07), 955 So.2d 695 (citation omitted).
The levee walkway granted access to the bayou and allowed people to continue to enjoy the recreational purposes provided by boating and camping. In Broussard v. Dep’t of Transp. & Dev., State of La., 539 So.2d 824, 882 (La.Ct.App. 3 Cir.1989), the plaintiff, who was injured on a concrete boat launch ramp, sued the State for its alleged failure to maintain the ramp. The Third Circuit concluded that a boat ramp that the owner built to make marsh areas available to the public for recreational purposes fell within the purview of the Immunity Act. LSA-R.S. 9:2791 and 9:2795.
We hold that the levee was recreational -within the meaning of the Immunity Act. Because of the expansive definition of “recreational purpose”, we find that the levee itself need not be recreational in character. Although the levee walkway adjacent to Bayou Segnette might not be primarily recreational in character, boating in the bayou is certainly recreational and the levee walkway allowed boaters the ability to reach their boats. Taken as a whole, we find that the bayou and its adjacent levee walkway were intended or permitted to be used for recreational purposes.
Mrs. Richard’s purpose at the time of her alleged injury had undoubtedly been recreational, within the meaning of the recreational use statute. She was in the process of boarding the boat to resume camping activities. Boating and camping fall within the definition of “recreational purposes,” to which the recreational use statute applied.
Inin this case, the plaintiffs were using the levee located on the defendant’s property for the purpose of engaging in camping and boating recreational activities. The levee afforded the means through which the plaintiffs could access a boat to the camp site.
The sole purpose of Mrs. Richard’s walk over the defendant’s levee property was to gain access to the boat to use for recreational purposes. The walk was an integral part of the recreational activities. Assuming non-recreational use of the levee for commercial fishing did take place, it did not affect the recreational use in question. As we see it, the inquiry in any given case is whether the permitted use in question is for recreational purposes on a noncommercial basis. Broussard v. Dep’t of Transp. & Dev., State of La., 539 So.2d 824, 831 (La.App. 3 Cir.1989).
We conclude, therefore, that the Recreational Use Statute is applicable and, in the absence of any exception, bars the instant claim.

Exception

Appellants argue that even if this Court were to find that the Immunity Act applies, there is an issue of material fact precluding summary judgment because the defendant could still be found without immunity under La.R.S. 9:2795(B)(1) for “willful or malicious failure to warn against a dangerous condition, use, structure, or activity.” “A failure to warn of a dangerous condition connotes a conscious course of action, and is deemed willful or malicious when action is knowingly taken or not taken, which would likely cause injury, with conscious indifference to consequences thereof.” Robinson v. Jefferson Parish Sch. Bd., 08-1224, p. 18 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1046, writ denied 09-1187 (La.9/18/09), 17 So.3d 975 (citations omitted).
|1?As a general rule, the defendant owed a duty to discover any unreasonably dangerous condition on the premises and either correct it or warn potential victims *548 of its existence. However, this duty does not extend to potentially dangerous conditions which should have been observed by an individual in the exercise of reasonable care or which are as obvious to a property owner as to a visitor. Wood v. State, ex rel. Dept. of Wildlife & Fisheries, 43,457, p. 13 (La.App. 2 Cir. 8/13/08), 989 So.2d 280, 288, writ denied, 08-2192 (La.11/14/08), 996 So.2d 1094 (citations omitted).
In this case, Mrs. Richard testified that she was well aware of the ruts in the levee before the alleged accident. Thus, the defendant’s duty did not extend to the alleged obvious potentially dangerous condition.
Furthermore, once the defendant established that it was entitled to immunity under La.R.S. 9:2795, the burden of establishing a malicious or willful failure to warn of a dangerous condition shifted to the plaintiffs, who presented no summary judgment evidence in this regard. DeLafosse v. Vill. of Pine Prairie, 08-0693, p. 5 (La.App. 3 Cir. 12/10/08), 998 So.2d 1248, 1252, writ denied, 09-0074 (La.2/4/09), 999 So.2d 766. Specifically, the plaintiffs made no showing that the defendant was aware of the alleged danger.
In Robinson v. Jefferson Parish Sch. Bd., 08-1224, p. 18 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1046, writ denied, 09-1187 (La.9/18/09), 17 So.3d 975, the plaintiffs asked the Court to assume that since the person who arranged the ROTC trip was aware of the a sudden drop off into the lake, then the recreational facility was also aware of the- alleged danger to swimmers. This Court declined to adopt that assumption, and found that the plaintiffs failed to meet their burden of showing a willful or malicious failure to warn against a dangerous condition, use, structure, or activity. Id.
1 ^Therefore, since the plaintiffs, who would bear the burden of proof at trial, failed to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial on this matter, there is no genuine issue of material fact.
Conclusion
Accordingly, for the reasons stated, the judgment is affirmed.

AFFIRMED

. The language in La.R.S. 9:2791, which provides that the Immunity Act shall not apply "when the premises are used principally for a commercial, recreational enterprise for profit” conflicts with the language in La.R.S. 9:2795, which provides the immunity is afforded to the owner, "except an owner of commercial recreational developments or facilities!.]" Because Acts 1975, No. 615, § 7 specifically provides all parts of laws in conflict with La. R.S. 9:2795 are repealed, the controlling provision in determining who is afforded immunity when the premises are a commercial recreational enterprise is the language of La.R.S. 9:2795. Richard v. Hall, 03-1488, p. 25 (La.4/23/04), 874 So.2d 131, 150. Therefore, the person claiming the immunity must utilize the premises for a commercial recreational enterprise for profit to be excluded from the immunity provisions. Id. at 29, 874 So.2d at 152.

. La.R.S. 9:2795(A)(1) broadly defines "land” as "urban or rural land, roads, water, watercourses, private ways or buildings, structures, and machinery or equipment when attached to the realty.” Prior to its amendment in 2001, La.R.S. 9:2795 did not specifically include urban land. The amendment inserted "urban or rural” preceding "land, roads, water” in paragraph (A)(1).