| | | |
|---|---|---|
| LOLA MARVENE MAHER, WIFE OF/AND JOHNY (NMI) MAHER | * | NO. 2023-CA-0416 |
| | * | COURT OF APPEAL |
| VERSUS | * | FOURTH CIRCUIT |
| NEW ORLEANS CITY PARK AND/OR NEW ORLEANS CITY PARK IMPROVEMENT ASSOCIATION; AND THE STATE OF LOUISIANA EX REL. DEPARTMENT OF CULTURE, RECREATION, AND TOURISM | * | STATE OF LOUISIANA |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-12412, DIVISION "A"
Honorable Ellen M Hazeur, Judge
\* \* \* \* \* \*
**JUDGE SANDRA CABRINA JENKINS**
\* \* \* \* \* \*

(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Karen K. Herman)

**HERMAN, J., CONCURS IN THE RESULT**

Nathan L. Schrantz
NATHAN SCHRANTZ LLC
830 Union St
Suite 302
New Orleans, LA 70112

      COUNSEL FOR PLAINTIFFS/APPELLANTS

Jeff Landry
ATTORNEY GENERAL
Adrian Alpay
Assistant Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
1855 N. Third Street
3rd Floor
Baton Rouge, LA 70802

      COUNSEL FOR DEFENDANT/APPELLEE

              **REVERSED AND REMANDED**
              **DECEMEMBER 18, 2023**

Appellants, Lola Marven Maher and Johny Maher (collectively "the Mahers"), appeal the trial court's April 13, 2023 judgment, which granted appellees, State of Louisiana, through the Department of Culture, Recreation, and Tourism ("DCRT") on behalf of New Orleans City Park Improvement Association's motion for summary judgment, and dismissed appellants' claims. For the reasons to follow, we reverse the trial court's judgment and remand this matter for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 20, 2015, Mrs. Maher fell in an open drain while traversing Victory Avenue in City Park. On December 20, 2016, the Mahers filed a petition for damages, alleging that the appellees were negligent in failing to maintain their premises, and that she sustained significant injuries as a result of DCRT's negligence.

On August 18, 2022, DCRT filed a motion for summary judgment arguing that the Mahers cannot satisfy their requisite burden of proof for negligence under the duty-risk analysis, La. R.S. 9:2800, and La. R.S. 9:2795. The Mahers opposed

1

the motion for summary judgment, asserting that DCRT had constructive notice of the missing drain cover and that La. R.S. 9:2795 does not apply to this matter because Mrs. Maher was not in a rural or outdoor recreational setting pursuing the "true outdoor."

The trial court held a hearing on the motion for summary judgment on February 3, 2023, and orally rendered judgment granting DCRT's motion for summary judgment. [1] A written judgment memorializing this ruling was signed by the trial court on April 13, 2023. The Mahers filed a petition for devolutive appeal April 4, 2023. This appeal timely follows.

## STANDARD OF REVIEW

"Appellate courts review summary judgments under the de novo standard of review, using the same standard applied by the trial court in deciding the motion for summary judgment; as a result, we are not required to analyze the facts and evidence with deference to the judgment of the trial court or its reasons for judgment." *Amedee v. Aimbridge Hosp. LLC*, 2020-0590, p. 3 (La. App. 4 Cir. 12/16/22), 354 So. 3d 250, 252 (quoting *Smith v. State*, 2018-0197, p. 3 (La. App. 4 Cir. 1/9/19), 262 So.3d 977, 980). Accordingly, "[a]fter an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

La. C.C.P. art. 966(D)(1) governs the mover's burden on a motion for summary judgment:

---

[1] The February 3, 2023 hearing transcript provides that the trial court declined to address whether DCRT had notice of the missing catch basin.

2

The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

## DISCUSSION

On appeal, the Mahers sole assignment of error is that the trial court erred in finding DCRT immune from liability pursuant to La. R.S. 9:2795, and granting DCRT's motion for summary judgment.

**Immunity Pursuant to La. R.S. 9:2795**

The Mahers argue that the application of La. R.S. 9:2795 was improper because Mrs. Maher was not pursuing a recreational activity, but instead was enjoying Celebration in the Oaks, one of the commercial enterprise events hosted at City Park. The Mahers further argued that DCRT utilized commercial activities to generate profit.

La. R.S. 9:2795 states in pertinent part:

A. As used in this Section:

(1) "Land" means urban or rural land, roads, water, watercourses, private ways or buildings, structures, and machinery or equipment when attached to the realty.

(2) "Owner" means the possessor of a fee interest, a tenant, lessee, occupant or person in control of the premises.

(3) "Recreational purposes" includes but is not limited to any of the following, or any combination thereof: hunting, fishing, trapping, swimming, boating, camping, picnicking, hiking, horseback riding, bicycle riding, motorized, or nonmotorized vehicle operation for recreation purposes, nature study, water skiing, ice skating, roller skating, roller blading, skate boarding, sledding, snowmobiling, snow

3

skiing, summer and winter sports, or viewing or enjoying historical, archaeological, scenic, or scientific sites.

(4) "Charge" means the admission price or fee asked in return for permission to use lands.

(5) "Person" means individuals regardless of age.

B. (1) Except for willful or malicious failure to warn against a dangerous condition, use, structure, or activity, an owner of land, except an owner of commercial recreational developments or facilities, who permits with or without charge any person to use his land for recreational purposes as herein defined does not thereby:

(a) Extend any assurance that the premises are safe for any purposes.

(b) Constitute such person the legal status of an invitee or licensee to whom a duty of care is owed.

(c) Incur liability for any injury to person or property caused by any defect in the land regardless of whether naturally occurring or man-made.

(2) The provisions of this Subsection shall apply to owners of commercial recreational developments or facilities for injury to persons or property arising out of the commercial recreational activity permitted at the recreational development or facility that occurs on land which does not comprise the commercial recreational development or facility and over which the owner has no control when the recreational activity commences, occurs, or terminates on the commercial recreational development or facility.

* * *

D. Nothing in this Section shall be construed to relieve any person using the land of another for recreational purposes from any obligation which he may have in the absence of this Section to exercise care in his use of such land and in his activities thereon, or from the legal consequences of failure to employ such care.

E. (1) The limitation of liability provided in this Section shall apply to any lands or water bottoms owned, leased, or managed by the Department of Wildlife and Fisheries, regardless of the purposes for which the land or water bottoms are used, and whether they are used for recreational or nonrecreational purposes.

(2)(a) The limitation of liability provided in this Section shall apply to any lands, whether urban or rural, which are owned, leased, or

4

managed as a public park by the state or any of its political subdivisions and which are used for recreational purposes.

(b) The provision of supervision on any land managed as a public park by the state or any of its political subdivisions does not create any greater duty of care which may exist and does not create a duty of care or basis of liability for personal injury or for damage to personal property caused by the act or omission of any person responsible for security or supervision of park activities, except as provided in Subparagraph (E)(2)(d) of this Section.

(c) For purposes of the limitation of liability afforded to parks pursuant to this Section this limitation does not apply to playground equipment or stands which are defective.

(d) The limitation of liability as extended to parks in this Section shall not apply to intentional or grossly negligent acts by an employee of the public entity.

"Since the enactment of the immunity statutes, legislative amendments have expanded the scope of immunity for protected classes and activities." *Beal v. Westchester Surplus Lines Ins. Co.*, 2021-0187, p. 7 (La. App. 4 Cir. 12/15/21), 334 So. 3d 438, 443, *writ denied*, 2022-00114 (La. 4/5/22), 335 So.3d 838. Jurisprudence interpreting La. R.S. 9:2795 "recognizes that the list of activities set forth in the definition of 'recreational purposes' is nonexclusive and includes activities that are not specifically listed." *Beal*, 2021-0187, p. 7, 334 So. 3d at 443 (citing *Doyle v. Lonesome Dev., Ltd. Liab. Co.*, 2017-0787, p. 11 (La. App. 1 Cir. 7/18/18), 254 So.3d 714, 722). Further, jurisprudence has demonstrated that the statute is applicable even when the person injured is not a participant in the sport. *Id.* at p. 8, 334 So.3d at 444.

In *Glorioso v. City of Kenner*, 2019-298 (La. App. 5 Cir. 12/18/19), 285 So.3d 601, the Fifth Circuit addressed whether a gymnastic class was a recreational activity. The plaintiff's five-year old daughter attended a gymnastic class in a gym owned by the City of Kenner ("Kenner") and operated by its Parks and Recreation

5

Department. *Glorioso*, 2019-298, p. 1, 285 So.3d at 602. The plaintiff's daughter fell off the stage and sustained injuries from a broken metal electrical box. The plaintiff sought damages on behalf of his daughter, alleging negligence and premises liability. Thereafter, Kenner filed a motion for summary judgment, asserting that La. R.S. 9:2795, the Recreational Use Statute, provides blanket tort immunity barring the plaintiff's claims of negligence and injury. The trial court granted Kenner's motion for summary judgment and dismissed the plaintiff's claims. *Id*.

On appeal, the plaintiff contended that the trial court erroneously applied La. R.S. 9:2795. He argued that "the trial court incorrectly extended the language of the statute to add gymnastics as a 'recreational purpose,' and also incorrectly extended the definition of land to include any building, whether or not 'attached to the realty.'" *Id*. at p. 2, 285 So.3d at 602. In reversing the trial court's judgment, the Fifth Circuit explained:

> The activities enumerated in the statute are clearly activities that are typically done in, and require, the true outdoors, such as fishing, hunting, and camping. And while a very limited few of the activities enumerated in the statute, typically done in the true outdoors, might conceivably also be done indoors, this does not evidence an intent on the part of the legislature to expand the immunity of the statute to include all recreational activities regardless of whether they are typically done outdoors or indoors. In our opinion, the list of enumerated activities evidences a clear intent of the legislature to grant immunity for those recreational activities in which one engages in the true outdoors. Strictly construing this statute, as we are required to do, we find that gymnastics is not a recreational purpose as contemplated by La. R.S. 9:2795(A)(3) and as required under Subsection E(2)(a) for the grant of immunity for Kenner.

*Id.* at pp.5-6, 285 So.3d at 605.

"The inquiry in any given case is whether the permitted use in question is for recreational purposes on a noncommercial basis." *Richard v. Louisiana Newpack Shrimp Co.*, 2011-309, p. 11 (La. App. 5 Cir. 12/28/11), 82 So. 3d 541, 547 (citing *Broussard v. Dep't of Transp. & Dev., State of La.*, 539 So.2d 824, 831 (La. App. 3 Cir.1989)).

In the instant case, in support of the motion for summary judgment, DCRT relied on the affidavit of Daniel Preziosi, the Grounds Director of City Park and Cara Lambright, the Chief Executive Officer of City Park. Mr. Preziosi attested that he has not seen any accident reports or complaints at the location at issue prior to December 20, 2015. He further attested that City Park has no records of subsequent accidents at the location, and no prior or subsequent complaints about hazards at the location. Mr. Preziosi provided that City Park does not perform maintenance on its catch basins, rather, it hires third party contractors.

Ms. Lambright attested that she thoroughly searched City Park's records and did not find any accidents or complaints at the location prior to December 20, 2015. She also attested that City Park does not have any records or reports regarding the catch basin at issue missing a grate. Ms. Lambright attested that City Park charges limited fees for entrance to certain sections of the park, or for special events. She further provided that the fees do not cover the cost of operations at the park, and that City Park does not generate a profit. Ms. Lambright attested that City Park is available to the public for outdoor recreation.

Similar to *Glorioso*, in strictly construing La. R.S. 9:2795, attending Celebration in the Oaks is not an activity enumerated in the statute. While Ms. Lambright's affidavit provided that City Park is available to the public for outdoor recreation, it failed to establish that Celebration in the Oaks is a recreational

7

activity that require the true outdoors, such as fishing, hunting, and camping. Based on the plain reading of the statute, we do not find that DCRT made a *prima facie* showing that it is entitled to immunity under the Recreational Use Statute. Accordingly, the trial court erred in granting summary judgment in favor of DCRT.

## CONCLUSION

For the reasons assigned, we reverse the trial court's April 13, 2023 judgment granting summary judgment in favor of DCRT and dismissing plaintiffs' claims, and remand this matter for further proceedings.

**REVERSED AND REMANDED**